UNITED STATES, Appellee,

v.

Mario A. HERNANDEZ,
Defendant, Appellant.

No. 89–1912.

United States Court of Appeals,
First Circuit.

Heard Feb. 7, 1990.
Decided Feb. 22, 1990.

John F. Cicilline, Providence, R.I., for defendant, appellant.

Kenneth P. Madden, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before BREYER, ALDRICH and CYR, Circuit Judges.

BREYER, Circuit Judge.

After Mario Hernandez pleaded guilty to drug-related crimes, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), the district court, departing from the United States Sentencing Guidelines, sentenced him to serve 80 months in prison, 2 months more than the top of the 63–78 month applicable Sentencing Guidelines range. Prior to Hernandez's sentencing, a probation officer completed a pre-sentence report. *See* 18 U.S.C. § 3552(a); Fed.R.Crim.P. 32(c). The officer calculated the applicable Guidelines sentencing range at 63–78 months, as follows:

(1) Because Hernandez was caught transporting 563 grams of heroin, the officer began with a "base offense level" of 28. *See* Guidelines §§ 2D1.-1(a)(3) & 2D1.4.

(2) He then subtracted 2 levels for "acceptance of responsibility," *id.* § 3E1.1, yielding a "total offense level" of 26.

(3) Because Hernandez had no prior convictions, the officer assigned him to the lowest "criminal history category," category I.

(4) By consulting the "sentencing table" in Guidelines § 5A, the officer determined that the sentencing range for an offender with "offense level" 26 and "criminal history" category I was 63–78 months.

The pre-sentence report also contained detailed information about the two charged offenses and about Hernandez's personal history. Under the heading "Other Criminal Conduct," for example, the probation officer noted that Hernandez was currently awaiting trial in Providence Superior Court on charges involving possession of cocaine, heroin, and illegal firearms. The report explained the background of this case in a paragraph:

> Following a two-week investigation by Providence detectives, a search warrant was executed at the 2nd floor apartment of the defendant, then located at 45 Croyland Road in Providence. Items confiscated included the following: One 9mm automatic handgun with obliterated numbers, $2,565 in U.S. currency, $224 in foreign currency, 6 plastic bags of … cocaine and 250 packs of … heroin…. The defendant was out on bail for this offense at the time he committed the instant offense.

Despite the fact that Hernandez was arrested by federal agents for drug possession while he was out on bail for the Providence offenses, the probation officer wrote that he "ha[d] not identified any information that might warrant departure from the guidelines."

At the sentencing hearing, the defendant and his counsel spoke first. They said that they had reviewed the pre-sentence report, that it contained no errors, and that Hernandez's history and background militated in favor of a lenient sentence. Then the government, in accordance with a plea agreement, recommended a 63–month prison term and a four-year period of supervised release, the lowest sentence in the applicable Guidelines range. At this point, the court noted a provision in the Sentencing Guidelines that says,

> If reliable information indicates that the [defendant's] criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning * * *
>
> (d) whether the defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense.

Guidelines § 4A1.3 (policy statement). The same provision says specifically that a departure may be warranted if the defendant "committed the instant offense while on bail or pretrial release for another serious offense." *Id.* The court remarked, "There is no question that at the time this offense was committed, Mr. Hernandez was awaiting trial on charges in the Superior Court for possession of cocaine, possession with intent to deliver heroin, and possession of a firearm with obliterated numbers." Accordingly, the court asked for argument

from counsel "as to whether there should be an upward departure in this case."

Defense counsel responded that because the probation department "didn't consider [this] to be a ground for departure," and because he was not "aware [that] this was going to be a problem," he had not reviewed the facts of the state case and, therefore, was "simply not in a situation where I could intelligently argue." He also said that the court could not be certain that the defendant was "out on bail ... from another serious offense" without knowing "exactly what the facts of the state case are," and that, "in any event, it doesn't seem to me that matter can be classified as so serious to warrant departure." (The government, for its part, obtained permission not to comment on the grounds that its plea agreement with the defendant precluded it from arguing one way or the other.)

At the conclusion of counsels' statements, the district court said,

it's a very serious matter for an individual who is out on bail, or on some other form of release, on another criminal charge, particularly one of the same nature, to engage in this kind of activity while he's subject to the terms of that release, which prohibit him from violating the law and require him to be on good behavior.

Following a suggestion in the Sentencing Guidelines, the court departed from the Guidelines by, in effect, assigning Hernandez to the next highest "criminal history category," Category II, see Guidelines § 4A1.3 (policy statement), which, in turn, increased the applicable sentencing range to 70–87 months, id. Ch. 5, Part A (sentencing grid). The court then sentenced Hernandez to a prison term of 80 months.

We agree with Hernandez that a criminal defendant must have notice of any facts that will affect his sentence and a meaningful opportunity to respond, see United States v. Diaz–Villafane, 874 F.2d 43, 47 (1st Cir.), cert. denied, — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); United States v. Fogel, 829 F.2d 77, 90 (D.C.Cir. 1987); Fed.R.Crim.P. 32(a)(1), but we do not believe that he was deprived of those rights in this case. First, the pre-sentence report plainly stated that Hernandez was on bail pending trial in Rhode Island on drug and gun charges when he committed his federal offense. Hernandez and his counsel received a copy of this report well before the sentencing hearing, see Fed.R. Crim.P. 32(c)(3)(A), and both read it. Although the probation officer wrote in the report that he "ha[d] not identified any information that might warrant departure from the guidelines," Hernandez could not properly treat this statement as precluding the court from departing from the Guidelines. Pre-sentence reports do not bind the sentencing judge; they merely provide him with information relevant to sentencing. Cf. United States v. Trevino, 556 F.2d 1265, 1270 (5th Cir.1977). In this case, moreover, the Guidelines specifically suggest, as an example of circumstances that may warrant departure, the fact that the defendant is on bail for another serious crime when he committed the instant offense; thus, the Guidelines themselves provided some notice that the facts of this case might warrant departure.

Second, this is not a case where the defendant and his attorney first learned that the court might depart from the Guidelines when they heard the sentence being pronounced. See United States v. Cervantes, 878 F.2d 50, 56 (2d Cir.1989); United States v. Nuno–Para, 877 F.2d 1409, 1415 (9th Cir.1989); United States v. Otero, 868 F.2d 1412, 1415 (5th Cir.1989). On the contrary, we think the proceedings in this case were conducted in model fashion. The judge noted that Hernandez was awaiting trial on similar charges when the federal offense was committed, he cited the relevant Guidelines provision and paraphrased the relevant text, and he invited counsel to comment on whether a departure would be appropriate.

Third, we do not see how Hernandez was prejudiced by the type of notice he received. Hernandez suggests that, given time to review the facts of the state case, he might have convinced the court below that he was innocent of the charges. But

the court's stated ground for departure was the *existence* of serious pending charges (and a "no criminal conduct" bail-release condition), not Hernandez's likely guilt or innocence of those charges. Hernandez did not, and does not now, dispute the fact that he was awaiting trial on state charges when he committed the instant offense. Consequently, we do not see how Hernandez could have been helped by additional notice or additional time; and we are not surprised to learn from the record that Hernandez did not ask the judge for a continuance once he learned that the judge was considering a departure from the Guidelines.

Fourth, we think a departure was justified on the facts of this case. *See* 18 U.S.C. § 3742(e)(2); *Diaz–Villafane,* 874 F.2d at 49; *United States v. Sturgis,* 869 F.2d 54, 56–57 (2d Cir.1989). The Guidelines' introduction explains that departures are warranted in "atypical" cases, and § 4A1.3 specifically authorizes a departure where the defendant committed the instant offense while awaiting trial on another serious charge. A departure on this ground makes sense, for a defendant undermines the integrity of the criminal justice system when he commits a crime while he is under its supervision and control. There is no question that Hernandez was actually awaiting trial on the state charges when he committed the instant offense. *See* Guidelines § 4A1.3 (policy statement) (information on which departure is based must be reliable); *Diaz–Villafane,* 874 F.2d at 49 (same). Finally, by sentencing Hernandez as if he belonged in "criminal history" category II, rather than category I, the judge did not exceed his "considerable discretion in departure decisions," *id.* at 52, especially where, as here, this level of departure is specifically recommended by the Guidelines themselves, *see* Guidelines § 4A1.3 (policy statement).

In sum, because Hernandez did not ask for a continuance, and cannot suggest any significant benefit that would have come from asking, and because (1) the grounds for departure were plainly stated in the presentence report; (2) the Guidelines expressly authorize a departure on these grounds; (3) the Guidelines authorize a court to depart when it has an "atypical" case (provided it sets forth its reasons), and (4) the departure is reasonable in amount, we can find no significant prejudice and therefore no legal error in Hernandez's sentence.

*Affirmed.*