**UNITED STATES of America, Appellee,**

v.

**Rafael Ramon POLANCO–REYNOSO, Defendant, Appellant.**

**No. 89–2162.**

United States Court of Appeals, First Circuit.

Heard Oct. 3, 1990.

Decided Jan. 25, 1991.

---

John F. Cicilline, Providence, R.I., for defendant, appellant Polanco–Reynoso.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before CAMPBELL, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Rafael Ramon Polanco–Reynoso appeals the concurrent seventy-one month terms of imprisonment and five-year terms of supervised release imposed under the Sentencing Guidelines for possessing more than one hundred grams of heroin for distribution, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2, and for conspiring to distribute and to possess, for distribution, more than one hundred grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. Appellant challenges the decision of the district court to depart upward due to the fact that the offenses of conviction were committed while Polanco–Reynoso was on conditional release pending final disposition of an unrelated Connecticut state court heroin trafficking charge on which he already had entered a guilty plea, but had yet to be sentenced.

The presentence report determined that appellant's guideline sentencing range was

from fifty-one to sixty-three months, based on an offense level of twenty-four (including a two point reduction for acceptance of responsibility), and a level I criminal history category. The sentencing court increased appellant's criminal history category to level II in recognition of the fact that he was on conditional release at the time of the commission of these offenses. We affirm.

Appellate review of sentencing guideline departures is a three step process. First, we consider whether the circumstances relied on by the sentencing court warranted a departure, which presents a question of law. *See United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Second, we determine whether the circumstances relied on by the sentencing court are present in appellant's case; findings of fact are reviewed for clear error, *id.; see also* 18 U.S.C. § 3742(e). Third, we evaluate the reasonableness of the direction and degree of the challenged departure. *Diaz–Villafane*, 874 F.2d at 49; *see also* 18 U.S.C. § 3742(e)(3). The reasonableness determination is "quintessentially a judgment call," primarily entrusted to the district court. *Diaz–Villafane*, 874 F.2d at 49–50. "We will not lightly disturb decisions to depart ... or related decisions implicating degrees of departure." *Id.* at 50.

The circumstances which the sentencing court relied on in the present case warranted an upward departure. An upward departure is expressly authorized if the defendant "committed the instant offense while on bail or pretrial release for another serious offense." U.S.S.G. § 4A1.3. *See also United States v. Touby*, 909 F.2d 759, 774 (3d Cir.1990); *United States v. Russell*, 905 F.2d 1450, 1455 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990); *United States v. Hernandez*, 896 F.2d 642, 645 (1st Cir.1990); *United States v. Sturgis*, 869 F.2d 54, 56–57 (2d Cir.1989). As we have explained, a defendant "undermines the integrity of the criminal justice system when he commits a

* Of the Second Circuit, sitting by designation.

crime while he is under its supervision and control." *Hernandez*, 896 F.2d at 645.

The sentencing court committed no error in concluding that appellant came within the purview of U.S.S.G. § 4A1.3. At the time of appellant's arrest in the instant case, he was on bail awaiting sentencing on the unrelated state court heroin trafficking charge to which he previously had pled guilty. According to appellant, however, an upward departure is not warranted merely because a defendant commits a crime while on bail, but only if the defendant's criminal history category significantly understates the seriousness of the defendant's criminal history.[1] Appellant argues that the amount of heroin involved in the state court charge, *viz.*, 5.14 grams, was too small to give rise to any significant understatement of the seriousness of his criminal history.

Without addressing whether an upward departure invariably is warranted for defendants convicted of a crime while on bail in connection with another serious offense, we are satisfied that the departure in the present case was appropriate. We think that an appropriate appreciation as to just how significantly criminal history category I understated the seriousness of appellant's criminal history may be gleaned from the fact that if he had been finally sentenced and convicted on the state court charge to which he had already pled guilty, appellant would have been subject to a *mandatory minimum* prison sentence of ten years for the offenses of conviction in the instant case. *See* 21 U.S.C. § 841(b)(1)(B). Since appellant, though yet to be sentenced on the state court charge, had already pled guilty to it, we cannot say that the district court acted other than reasonably in determining that the indicated sentencing range of from fifty-one to sixty-three months would "significantly under-represent the seriousness of [appellant's] criminal history." U.S.S.G. § 4A1.3.

Finally, the decision to depart upward to the next criminal history level was not un-reasonable, as the Sentencing Guidelines explicitly recommend that, "[i]n considering a departure under this provision ... the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." U.S.S.G. 4A1.3. *See also Hernandez*, 896 F.2d at 645 (sentencing court reasonably increased criminal history category from level I to level II where defendant committed offense of conviction while awaiting trial on another serious offense); *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989) (under § 4A1.3 sentencing court must first consider upward adjustment of criminal history category). The imposition of a seventy-one month prison sentence was within the sentencing court's "considerable discretion in departure decisions." *Diaz–Villafane*, 874 F.2d at 52; *see also Hernandez*, 896 F.2d at 645.

*Affirmed.*

---

1. Polanco–Reynoso calls attention to the express language of U.S.S.G. § 4A1.3: "[a] departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history...." U.S.S.G. § 4A1.3.