**UNITED STATES of America, Appellee,**

v.

**Porfirio Johnson FIGARO,
Defendant, Appellant.**

**No. 90–1675.**

United States Court of Appeals,
First Circuit.

Heard Nov. 8, 1990.

Decided June 4, 1991.

5

Juan E. Alvarez, Asst. Federal Public Defender, with whom Gerardo Ortiz Del Rivero, Federal Public Defender, was on brief, for defendant, appellant.

Jeanette Mercado Rios, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., was on brief, for appellee.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

**6**

CYR, Circuit Judge.

Appellant Porfirio Johnson Figaro, a citizen of the Dominican Republic, pled guilty to entering the United States after deportation, without the consent of the Attorney General, in violation of 8 U.S.C. § 1326(a). Appellant challenges the sentence which the district court imposed as a consequence of its decision to depart above the sentencing guideline range. We affirm.

I

## BACKGROUND

The undisputed record before the district court at sentencing revealed that appellant was apprehended in December 1989 while attempting to enter the United States as the captain of a yawl transporting undocumented aliens. Appellant had been arrested and deported, but not prosecuted, for a similar illegal entry six months earlier, involving the transportation of approximately thirty undocumented aliens aboard a thirty-foot yawl.

Violations of 8 U.S.C. § 1326(a) are ascribed a base offense level of eight, U.S.S.G. § 2L1.2, which the district court reduced by two levels, due to appellant's "acceptance of responsibility," *id.* § 3E1.1, resulting in an offense level of six. Under the guidelines, appellant was eligible for a category I criminal history. Although the resulting guideline sentencing range called for a maximum prison sentence of six months, the district court sentenced appellant to eighteen months' imprisonment.

The district court concluded that appellant's underrepresented criminal history warranted an upward departure pursuant to U.S.S.G. § 4A1.3 and that appellant's relevant, uncharged conduct in the instant case, *i.e.*, the smuggling of aliens, warranted an upward departure pursuant to U.S.S.G. § 5K2.0.[1] The court identified four primary factors as the bases for its upward departure: (1) appellant was not charged on the occasion of the prior illegal entry,

during which he smuggled illegal aliens; (2) appellant endangered the lives of approximately thirty people during the prior illegal entry; (3) the prior illegal entry occurred less than a year before the instant offense; and (4) during the instant illegal entry appellant was attempting to smuggle aliens, a separate and more serious crime with which appellant was not charged, *see supra* note 1.

II

## DISCUSSION

Our framework for reviewing upward departures under the sentencing guidelines is well settled. First, we undertake *de novo* review of the correctness of the district court's determination that the relevant circumstances were sufficiently "unusual" to warrant departure. Second, all findings of fact material to the challenged departure are reviewed for clear error. Third, we accord considerable deference to the decision of the district court in our review of the reasonableness of the degree of departure, which is "quintessentially a judgment call" for the district court. *United States v. Diaz–Villafane*, 874 F.2d 43, 49–50 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *see also United States v. Aymelek*, 926 F.2d 64, 69 (1st Cir.1991); *United States v. Polanco Reynoso*, 924 F.2d 23, 24 (1st Cir.1991); *United States v. Harotunian*, 920 F.2d 1040, 1044 (1st Cir.1990).

A

We discern no error in the district court's reliance on appellant's prior and contemporaneous involvements in alien smuggling, or in its reliance on the recency of appellant's past criminal conduct, as bases for its upward departure.

■ The sentencing guidelines permit departure where there is "an aggravating ... circumstance of a kind ... not adequately taken into consideration by the

---

1. In the *absence* of aggravating factors, the guidelines would call for base offense levels of 9 and 11, respectively, for a first and second alien smuggling offense. *See* U.S.S.G. § 2L1.1. Combined with a category II criminal history (reflecting a prior conviction), the sentencing range would be ten to sixteen months.

Sentencing Commission in formulating the guidelines...." U.S.S.G. § 5K2.0, quoting 18 U.S.C. § 3553(b); *see also United States v. Ocasio,* 914 F.2d 330, 334 (1st Cir.1990). The court found that appellant committed the instant illegal entry while smuggling aliens. Although appellant was not charged with the separate offense of alien smuggling, the sentencing guidelines permit the court to consider uncharged conduct related to the offense of conviction. *See United States v. Sklar,* 920 F.2d 107, 110 (1st Cir.1990) (guidelines permit departures for related uncharged conduct); *see also United States v. Kim,* 896 F.2d 678, 681–684 (2d Cir.1990) (same). As the offense of conviction (illegal entry) was committed "in order to facilitate ... the commission of another offense [smuggling aliens]," U.S.S.G. § 5K2.9, the court was permitted to "increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct." *Id.* These circumstances "distinguish[ ] th[is] case from the mine-run for th[e] offense" of illegal re-entry. *United States v. Aguilar–Pena,* 887 F.2d 347, 350 (1st Cir. 1989).

Similarly, the district court did not err in its reliance on the *previous* alien smuggling activity with which appellant was never charged, but which the district court found had endangered the safety of others. Guideline section 4A1.3(e) permits upward departure where reliable information indicates that a defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct" because of "prior similar adult conduct not resulting in a criminal conviction." Moreover, the district court supportably found that the transportation of aliens across dangerous waters in an overloaded yawl increased the seriousness of the appellant's previous alien smuggling activity. *See* U.S.S.G. § 2L1.1, comment (n. 8) ("The Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances."); *United States v. Reyes,* 927 F.2d 48, 51–52 (1st Cir.1991) (smuggling large number of aliens from Dominican Republic to Puerto Rico under dangerous conditions).

Finally, the sentencing guidelines recognize that the recency of a prior offense may be considered an indicator of increased likelihood of recidivism, exacerbating the seriousness of a defendant's criminal history. *See* U.S.S.G. § 4A1.1(e) (permitting two-point increase in criminal history to reflect recency of offense).

We conclude, however, that the district court erroneously relied on appellant's prior, uncharged illegal entry as a partial basis for its upward departure. Departures are to be based only on relevant conduct which is "unusual" in light of the nature of the offense charged. *See Harotunian,* 920 F.2d at 1045 (massiveness of embezzlement removes offense from "heartland"); *Diaz–Villafane,* 874 F.2d at 50–51 (use of children to deliver drugs considered atypical of drug trafficking offense). In no sense can relevant conduct be considered atypical insofar as it constitutes nothing more than an essential element of the offense of conviction. Since the offense of conviction in this case required it, *see* 8 U.S.C. § 1326(a), mere evidence that appellant previously entered the United States illegally could not itself support an upward departure pursuant to U.S.S.G. § 5K2.0. Therefore, it is necessary to consider whether the sentence should be upheld notwithstanding the erroneous reliance on the prior illegal entry.

A sentencing departure predicated in part on an invalid ground may be upheld provided that: (1) the degree of departure remains "reasonable" even without reliance on the invalid ground; (2) disregard of the invalid ground does not defeat the rationale of the sentencing decision; and (3) the reviewing court is left with the "definite and firm conviction that removal of the inappropriate ground would not be likely to alter the district court's view of the sentence rightfully to be imposed." *United States v. Diaz–Bastardo,* 929 F.2d 798, 800 (1st Cir.1991); *see also Reyes,* 927 F.2d at 51–52.

8

■ The district court in the present case explicitly stated that it was imposing its sentence "because the defendant has been apprehended twice while attempting to smuggle aliens into the U.S." Thus, disregarding the district court's erroneous reliance on appellant's prior illegal entry, we are convinced that neither its view as to the appropriate sentence, nor the reasonableness of the resulting rationale for its sentencing decision, is open to question. Accordingly, as long as the remaining grounds for departure were sufficient, we may affirm the sentence.

B

■ Appellant challenges the district court's findings that he was involved in alien smuggling. Unlike the strict evidentiary restrictions applicable at trial, the only evidentiary requirement at sentencing is that the sentence be based on information which has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. *See United States v. Zuleta–Alvarez*, 922 F.2d 33, 36 (1st Cir.1990).

■ The relevant information relating to alien smuggling was set out in the presentence investigation report and in an Immigration and Naturalization Service memorandum made available to appellant during discovery which related alien smuggling allegations by informants in the Dominican Republic and by the Dominican National Police. At sentencing, the court asked appellant whether he challenged these allegations. Appellant explicitly stated that he "agree[d] with the facts of the [pre-sentence] report" and was challenging only the probation office recommendation that the court depart from the guidelines. Given that "the sentencing judge enjoys wide discretion in determining both the relevance and reliability of the sentencing information," *United States v. Iguaran–Palmar*, 926 F.2d 7, 10 (1st Cir.1991), and that the information in the presentence report relating to appellant's alien smuggling activities was not challenged, the district court's findings cannot be thought to have constituted clear error. *See United States v. Blanco*, 888 F.2d 907, 908–909 (1st Cir.

1989) (defendant's failure to dispute truth of statement provides proper basis for finding).

C

■ Finally, appellant challenges the reasonableness of the departure in terms of its proportion. Appellant assumes that the eighteen-month sentence must have been arrived at by increasing his criminal history from category I to category VI. According to appellant, the guidelines mandate that the sentencing court refrain from leapfrogging in this manner, requiring instead that the court consider each successive criminal history category in turn. *See* U.S.S.G. § 4A1.3 ("In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable."); *see also United States v. Polanco–Reynoso*, 924 F.2d 23, 25 (1st Cir. 1991) (approving upward departure to next criminal history category).

Appellant's analysis presumes too much as concerns the district court's sentencing rationale. Although the court did not detail its sentencing calculus, it is clear that appellant's sentence was the product of an upward departure comprised of separate increments determined pursuant to § 4A1.3 (criminal history) and § 5K2.0 (relevant conduct). While the court was required to refer to the next criminal history category in considering a departure pursuant to § 4A1.3, an upward departure pursuant to § 5K2.0 typically results in an increase in the *offense level. Aymelek*, 926 F.2d at 70 (discussing the relation of the two types of departures). In an appropriate case, *see, e.g., Aymelek*, 926 F.2d at 70; *United States v. Rodriguez–Cardona*, 924 F.2d 1148, 1157 (1st Cir.1991), an amalgamation of both types of departure is permissible.

We recognize that an increase from six months to eighteen months represents a departure of substantial proportion. Yet the more unrepresentative the guideline criminal history category and the guideline offense level, the more substantial the departure reasonably required to reflect the true seriousness of the criminal conduct

and the culpability of the particular defendant.

We do not fault the "judgment call" made by the district court in determining the degree of departure reasonably required in these circumstances. *See Diaz–Villafane*, 874 F.2d at 49. The sentencing judge in this case was presented with a guideline offense level *and* a guideline criminal history category which substantially underrepresented the seriousness of the crime and appellant's culpability. Twice within a six-month period appellant engaged in the serious offense of alien smuggling and, on one occasion, endangered the safety of the alien passengers. Finally, we recognize that "appellate review must occur with full awareness of, and respect for, the trier's superior 'feel' for the case." *Id.* at 49–50.[2] Considering the totality of the circumstances, the degree of departure was not unreasonable. *See Rodriguez–Cardona*, 924 F.2d at 1157 (upholding departure from 41–51 month range to 135 months based on unrepresentativeness of offense level *and* criminal history); *see also Reyes*, 927 F.2d at 53 & n. 4 (collecting First Circuit cases).

*Affirmed.*

2. We have stressed as well that the reasonableness of a sentence is not determined by rigid adherence to a particular mechanistic formula, *see, e.g., Diaz–Villafane*, 874 F.2d at 51–52 (warning against departures becoming "merely a matter of arithmetic" or "mechanistic bean-counting"); *Ocasio*, 914 F.2d at 336–337; *Aymelek*, 926 F.2d at 70, but by an evaluation of "the overall aggregate of known circumstances pertaining to the offense of conviction and to the offender who committed it." *Ocasio*, 914 F.2d at 337. *See also Aymelek*, 926 F.2d at 70.