**UNITED STATES of America, Appellee,**

v.

**Alberto MADRID, Defendant, Appellant.**

**No. 91–1195.**

United States Court of Appeals,
First Circuit.

Heard Sept. 3, 1991.

Decided Oct. 4, 1991.

Edward C. Roy, for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty.,
with whom Lincoln C. Almond, U.S. Atty.,
and Edwin J. Gale, Asst. U.S. Atty., were
on brief, for appellee.

Before CAMPBELL, Circuit Judge,
BOWNES, Senior Circuit Judge, and CYR,
Circuit Judge.

CYR, Circuit Judge.

Alberto Madrid pled guilty to reentering
the United States illegally, after deporta-
tion, in violation of 8 U.S.C. § 1326(a) &
(b)(2). Madrid appeals his twenty-one
month prison sentence, on the ground that
his criminal history category should not
have been adjusted upward pursuant to
U.S.S.G. § 4A1.3. We affirm.

## I

### FACTS

Appellant, an illegal alien, was arrested
and charged during July 1989 with possess-
ing 14.9 grams of rock cocaine, a felony
under R.I. GEN. LAWS § 21–28–4.01(C)
(1989). Appellant pled not guilty and the
case was scheduled to go to trial on May
30, 1990. On October 3, 1989, while re-
leased on bail on the Rhode Island cocaine
charge (hereinafter: "cocaine charge"), ap-
pellant was arrested and charged with pos-
sessing heroin, with intent to deliver, in
violation of R.I. GEN. LAWS § 21–28–
4.01(A) (1989). Appellant was convicted
and sentenced to six months' imprisonment
on the heroin charge (hereinafter: "heroin
charge"). During April 1990, upon comple-
tion of his term of imprisonment on the
heroin charge, appellant was deported; the
cocaine charge remained pending. Appel-
lant subsequently reentered the United
States illegally and was arrested on Au-
gust 16, 1990. The instant appeal chal-
lenges the sentence of imprisonment im-
posed on the illegal reentry charge.

The uncontroverted presentence report
assigned appellant five criminal history
points: two because the sentence of impris-
onment served on the heroin charge was
greater than sixty days but not more than
one year and one month, see U.S.S.G.
§ 4A1.1(b); two for committing the instant

offense while on probation in connection with the heroin charge, *see id.* § 4A1.1(d); and one additional point for committing the instant offense within two years after release from imprisonment on the heroin charge, *see id.* § 4A1.1(e).

These five criminal history points placed appellant in criminal history category III. *See* U.S.S.G. Ch. 5, Pt. A. comment. (n. 3) (Sentencing Table and Application Note). The district court determined that category III under-represented appellant's criminal history, because the criminal history calculation prescribed by U.S.S.G. § 4A1.1 did not take account of the fact that appellant committed the instant offense while released on bail in connection with the cocaine charge. The court accordingly adjusted appellant's criminal history category to level IV pursuant to U.S.S.G. § 4A1.3(d).

## II

### DISCUSSION

█ Appellate review of an upward adjustment in criminal history category involves a three step process. *United States v. Polanco–Reynoso*, 924 F.2d 23, 24 (1st Cir.1991) (citing *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)). Here, however, appellant challenges only the reasonableness of the direction and degree of the adjustment; that is, the present appeal implicates only the third step in the review process. *See id.* As we have stated, the reasonableness of the direction and degree of an upward departure is " 'quintessentially·a judgment call,' primarily entrusted to the district court." *Id.* at 24 (quoting *Diaz–Villafane*, 874 F.2d at 49–50).

Under certain circumstances the sentencing guidelines permit an upward departure to reflect that "the defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense." U.S.S.G. § 4A1.3(d). *See also United States v. Hernandez*, 896 F.2d 642, 645 (1st Cir.1990); *United States v. Touby*, 909 F.2d 759, 774 (3d Cir.1990), *aff'd on other grounds,* —— U.S. ——, 111 S.Ct. 1752, 114

L.Ed.2d 219 (1991); *United States v. Russell*, 905 F.2d 1450, 1455 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990). As we have held, "a defendant undermines the integrity of the criminal justice system when he commits a crime while ... under its supervision and control." *Hernandez*, 896 F.2d at 645.

█ Appellant argues, however, that even if the offense of conviction was committed while released on bail, an upward adjustment is warranted only if "the criminal history category *significantly* under-represents the seriousness of the defendant's criminal history...." U.S.S.G. § 4A1.3 (emphasis added). Appellant contends that category III did not significantly under-represent his criminal history because conviction on the cocaine charge likely would have resulted in a probationary sentence for which only one additional criminal history point would have been assigned. *See* U.S.S.G. § 4A1.1(c). Thus, the one-point increment conjectured by appellant would not raise his criminal history point total above six, and the criminal history category would remain at level III. *See* U.S.S.G. Ch. 5, Pt. A, comment. (n. 3) (Sentencing Table and Application Note).

Appellant's contention is seriously flawed. First, it disregards one of the departure criteria under U.S.S.G. § 4A1.3. U.S.S.G. § 4A1.3 provides as follows:

A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history *or* the likelihood that the defendant will commit further crimes.

U.S.S.G. § 4A1.3 (emphasis added). Thus, if *either* the seriousness of a defendant's criminal history *or* the risk of recidivism is insufficiently reflected in the indicated criminal history category, U.S.S.G. § 4A1.3 permits a sentence outside "the otherwise applicable guideline range."

The commission of the instant offense while released on bail pending trial on the cocaine charge warranted the conclusion that criminal history category III did not fairly represent either the seriousness of appellant's criminal history or the serious-

ness of the risk of recidivism. For one thing, as calculated under § 4A1.1, appellant's criminal history category did not take into account that he committed the instant offense while on bail pending trial on the cocaine charge. *See, e.g., Hernandez,* 896 F.2d at 645. Moreover, as the district court noted, the under-representativeness of criminal history category III was exacerbated by the fact that the instant offense was the *second* crime committed by appellant while on bail pending trial on the cocaine charge, the heroin offense having been the first. Thus, neither the seriousness of appellant's criminal history nor the seriousness of the risk of recidivism was fairly represented by the criminal history category arrived at under § 4A1.1.

The second flaw in appellant's conjectural argument is that it impermissibly assumes that § 4A1.3, a departure guideline, is circumscribed by § 4A1.1, the guideline it was designed to transcend. Appellant utilizes § 4A1.1 to arrive at the hypothetical criminal history point total attributable to his presumed conviction and sentence on the unadjudicated cocaine charge. But even assuming that only one additional criminal history point would be assessed in connection with a conviction on the cocaine charge,[1] appellant's hypothetical calculation under § 4A1.1 would not have taken account of the fact that the instant offense of conviction was committed while appellant was released on bail pending trial on the cocaine charge, a matter explicitly left to § 4A1.3(d). Accordingly, we conclude that criminal history category III significantly under-represented the seriousness of appellant's criminal history and the seriousness of the risk of recidivism, inasmuch as the instant offense was the second felony committed while appellant was released on bail in connection with the cocaine charge. Consequently, an upward departure was warranted under § 4A1.3(d).

Finally, the degree of the departure was reasonable, as the district court correctly followed the procedure recommended in the sentencing guidelines by departing to the next criminal history category. *See* U.S.S.G. § 4A1.3. Thus, the upward adjustment in appellant's criminal history category was in all respects reasonable.

*Affirmed.*

---

1. Were we to engage in the conjectural enterprise undertaken by appellant, however, we would be required to assess the seriousness of the cocaine charge, not on the basis of the severity of an unknowable sentence at the hands of the state court, but under the criteria prescribed by the federal sentencing guidelines. *United States v. Unger,* 915 F.2d 759, 762–63 (1st Cir.1990) (characterization of prior offense is governed by federal, not state, criteria), *cert. denied,* —— U.S. ——, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991).