USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT __________________ No. 92-2215 UNITED STATES OF AMERICA, Appellee, v. HAKEEM FAHM, Defendant, Appellant. ____________________ No. 93-1012 UNITED STATES OF AMERICA, Appellee, v. HAKEEM FAHM, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Randy Olsen, with whom David N. Cicilline was on brief for ___________ __________________ appellant. Edwin J. Gale, United States Attorney, for appellee. _____________ ____________________ January 5, 1994 ____________________ CYR, Circuit Judge. After failing to appear for sen- CYR, Circuit Judge. _____________ tencing on credit-fraud charges in January 1991 before the United States District Court for the District of Rhode Island, appellant Hakeem Fahm was sentenced to a twenty-month prison term in September 1992. Three months later, the district court recon- sidered the original sentence sua sponte and imposed a twenty-one ___ ______ month prison term. We deny Fahm's appeal from the original sentence and conclude that the district court was without juris- diction to "correct" it under Fed. R. Crim. P. 35(c). I I BACKGROUND BACKGROUND __________ Fahm pled guilty in Rhode Island federal district court on November 29, 1990, to credit card fraud and conspiracy. See ___ 18 U.S.C. 1029(a)(2) (fraudulent use of unauthorized access devices) and (b)(2) (conspiracy to violate 1029(a)(2)). Fahm was twenty-one years of age at the time. Less than one month later, while released pending sentencing, he was arrested for obstructing a Rhode Island police officer in connection with a motor vehicle violation, whereupon he fled, failed to report to his pretrial services officer, and violated bail by absenting himself from the federal sentencing hearing scheduled for January 1991. Shortly thereafter Fahm committed the crime of attempted credit card fraud, for which he was convicted and sentenced in the United States District Court for the District of Delaware. 2 After serving a five-month sentence on the latter charge, Fahm was returned to the District of Rhode Island for sentencing on the offenses of conviction. II II DISCUSSION DISCUSSION __________ A. The Appeal from the Original Sentence. A. The Appeal from the Original Sentence. _____________________________________ 1. Reduction for Acceptance of Responsibility Reduction for Acceptance of Responsibility __________________________________________ 3E1.1(a) (Nov. 1990). 3E1.1(a) (Nov. 1990). _____________________ Notwithstanding his abscondence and subsequent federal conviction while awaiting sentencing on the offenses of convic- tion, Fahm frivolously asserts that the district court committed clear error, see United States v. Royer, 895 F.2d 28, 29 (1st ___ _____________ _____ Cir. 1990), by denying him a two-level reduction for "acceptance of responsibility" pursuant to U.S.S.G. 3E1.1(a) (Nov. 1990). We find it quite unremarkable that Fahm's belated protestations of remorse fell on deaf ears in the district court ("I frankly don't believe . . . that [the defendant is] sorry. . . .). See ___ United States v. O'Neil, 936 F.2d 599, 600 (1st Cir. 1991) ______________ ______ (district court may look to later conduct to determine sincerity of defendant's claimed acceptance of responsibility). 2. Upward Departure for Underrepresented Criminal History 2. Upward Departure for Underrepresented Criminal History ______________________________________________________ 4A1.3 (Nov. 1991). 4A1.3 (Nov. 1991). ___________________ Next, Fahm challenges the upward departure imposed 3 pursuant to U.S.S.G. 4A1.3,1 which provides in relevant part: If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's ___________ __ ___ ___________ past criminal conduct or the likelihood that ____ ________ _______ __ ___ __________ ____ the defendant will commit other crimes, the ___ _________ ____ ______ _____ ______ court may consider imposing a sentence de- parting from the otherwise applicable guide- line range . . . . (Emphasis added.) Ignoring the overburden, Fahm argues that no unusual circumstances distinguish his case from the "mine-run for th[e] offense[s]" of conviction. United States v. Aguilar-Pena, _____________ ____________ 887 F.2d 347, 350 (1st Cir. 1989). a. The Decision to Depart. a. The Decision to Depart. ______________________ The original presentence report (PSR) recommended a six-to-twelve month guideline sentencing range (GSR), based on an adjusted base offense level (ABOL) of ten and a level I criminal history category (CHC). The PSR addendum prepared prior to the sentencing hearing held on September 30, 1992 ("first hearing"), proposed a level II CHC based on Fahm's intervening Delaware sen- tence. See U.S.S.G. 4A1.2 cmt. 1. At the first hearing, the ___ district court advised Fahm that it intended to depart to CHC IV, because (i) Fahm committed the Delaware offense while on bail, see id. at 4A1.3; United States v. Calderon, 935 F.2d 9, 12 ___ ___ ______________ ________ (1st Cir. 1991) (commission of offense while on release repre- sents breach of commitment to court), (ii) CHC II underre- ____________________ 1The revised presentence report recommended criminal history category II, based on Fahm's similar Rhode Island state convic- tion for fraudulent use of credit cards and his "prior sentence" on the federal credit-fraud offense in Delaware. See U.S.S.G. ___ 4A1.1(b), 4A1.2(a)(1),(4), cmt. 1. 4 presented his actual criminal conduct, and (iii) the CHC would be higher were any of several pending state and federal charges later to result in conviction, see U.S.S.G. 4A1.3(e); United ___ ______ States v. Figaro, 935 F.2d 4, 7 (1st Cir. 1991).2 ______ ______ The decision to depart is subject to bifurcated review. First, all "quintessentially legal" rulings underlying the decision to depart, such as whether the guideline language permits or forbids departure for the kinds of reasons relied on _____ __ _______ by the sentencing court, are subject to plenary review. United ______ States v. Rivera, 994 F.2d 942, 951 (1st Cir. 1993). Second, in ______ ______ reviewing its "judgment call" as to whether the particular __________ circumstances warrant departure, id. at 951-52, "appropriate _____________ ___ respect" is due the sentencing court's "superior 'feel' for the . . . case." United States v. Ramirez, No. 93-1403, slip. op at 7 _____________ _______ (1st Cir. Dec. 9, 1993). ____________________ 2Fahm does not argue that the original sentence contravened U.S.S.G. 4A1.3, which instructs the sentencing court to consid- er the adequacy of the next higher (or lower) CHC, rather than leapfrogging. See United States v. Aymelek, 926 F.2d 64, 70 (1st ___ _____________ _______ Cir. 1991) (noting that sentencing court is "specifically in- structed to use 'as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable'" (quoting U.S.S.G. 4A1.3, p.s.)); United States v. _____________ Polanco-Reynoso, 924 F.2d 23, 25 (1st Cir. 1991) (approving _______________ 4A1.3 departure to next CHC). Since Fahm's one oblique allusion to the leapfrogging methodology appears in a parenthetical to a case citation, unaccompanied by argumentation, we adhere to our settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st _____________ _______ Cir.), cert. denied, 494 U.S. 1082 (1990) (citations omitted). _____ ______ See also United States v. Emery, 991 F.2d 907, 913 n.9 (1st Cir. ___ ____ ______________ _____ 1993) ( 4A1.3 departure above CHC VI). 5 (i) Legal Rationale for Departure. (i) Legal Rationale for Departure. _____________________________ The guidelines explicitly countenance upward departures pursuant to U.S.S.G. 4A1.3, based on the rationale adopted by the district court in this case: "[T]he criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur . . . . particu- ________ larly . . . in the case of younger defendants (e.g., defendants _____ ____ in their early twenties or younger) who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants." U.S.S.G. 4A1.3, backg'd. (emphasis added). Given Fahm's youth, the similarity and contemporaneity of his criminal conduct, and the fact that he had but one countable "prior sentence," see ___ U.S.S.G. 4A1.2 cmt. 1, the district court correctly determined that departure was permissible pursuant to 4A1.3(d),(e), provided reliable information demonstrated that CHC II signifi- cantly underrepresented the seriousness of Fahm's actual criminal history and the risk of recidivism. Id. ___ (ii) Factual Grounds for Departure. (ii) Factual Grounds for Departure. _____________________________ Were we called upon to do so, we would review the sentencing court's findings of fact for clear error, Rivera, 994 ______ F.2d at 950, but Fahm challenges neither the reliability of the criminal history evidence nor the factual findings on which the 6 departure decision was based.3 Nor can we fault the district court's "judgment call," see United States v. Diaz-Villafane, 874 F.2d 43, 49-50 (1st ___ _____________ ______________ Cir.), cert. denied, 493 U.S. 862 (1989), that Fahm's criminal ____ ______ history warranted an upward departure pursuant to U.S.S.G. 4A1.3(d),(e), a ruling we review with the considerable deference due the sentencing court's "special competence" and superior "feel" in the circumstances of the particular case, Ramirez, slip _______ op. at 7; Rivera, 994 F.2d at 951-52. In far less egregious ______ circumstances we have sustained an upward departure where the offenses of conviction were committed while the defendant was awaiting final disposition of a similar state charge. See ___ Calderon, 935 F.2d at 12. Fahm committed these offenses while ________ awaiting disposition of similar Massachusetts charges (larceny of an automobile and obtaining property under false pretenses) which had yet to result in conviction. See U.S.S.G. 4A1.3(e). ___ Furthermore, while awaiting sentencing on the instant offenses, he committed a similar credit-fraud felony in Delaware. See ___ United States v. Moore, 931 F.2d 3, 4 (1st Cir. 1991) (offenses _____________ _____ ____________________ 3The district court grounded its decision to depart on information contained in the PSR and its addenda, derived primar- ily from public records, that Fahm recently engaged in similar adult criminal conduct that had not resulted in conviction, see ___ 4A1.3; Ramirez, slip op. at 8, and that he had committed offenses _______ while released pending the disposition of other charges. As for the evidence that Fahm absconded before sentencing on the instant charges, the public record is irrefutable. See United States v. ___ _____________ Garcia, 978 F.2d 746, 749 (1st Cir. 1992) (upholding 4A1.3 ______ departure where there was no dispute that defendant committed offenses after absconding on another charge). There was no clear error in the factual findings underlying the decision to depart. 7 involving "the same sort of dishonesty and misappropriation of other people's property" are "similar"). Thus, the district court reasonably concluded that CHC II underrepresented Fahm's actual criminal history, a finding well supported, inter alia, by _____ ____ the similar credit-fraud related charges committed within two years of the instant offenses, evidencing a serious pattern of recidivism not reflected in the conventional CHC calculation under U.S.S.G. 4A1.1 and 4A1.2. See Figaro, 935 F.2d at 7 ___ ______ ("the recency of a prior offense may be considered an indicator of increased likelihood of recidivism, exacerbating the serious- ness of a defendant's criminal history."); United States v. ______________ Aymelek, 926 F.2d 64, 70 (1st Cir. 1991). _______ b. The Degree of Departure. b. The Degree of Departure. _______________________ The reasonableness of the degree of departure is reviewed with "appropriate respect" for the sentencing court's "special competence," Rivera, 994 F.2d at 952, and substantial ______ deference to its weighting of departure factors properly consid- ered under the guidelines. See Williams v. United States, ___ ___ ________ ______________ U.S. ___, ___, 112 S. Ct. 1112, 1121 (1992). The criminal conduct alleged in the four cases pending against Fahm in Massachusetts and Rhode Island, as well as the federal charge pending in the District of Rhode Island, see 18 ___ U.S.C. 3146(a)(1) (failure to appear for sentencing), which were not reflected in the CHC calculation, constituted grounds which, by analogy, see Aymelek, 926 F.2d at 70 (using analogies ___ _______ for 4A1.3(e) departures), plainly indicated that neither CHC II 8 nor III adequately reflected the seriousness of Fahm's criminal conduct. See U.S.S.G. 4A1.3(e) ("prior," "similar" criminal ___ conduct not yet resulting in conviction appropriate for consider- ation in departure decision); Diaz-Villafane, 874 F.2d at 50 ______________ (pending charges not used in CHC calculation may be considered in departure decision); United States v. Brown, 899 F.2d 94, 98 (1st _____________ _____ Cir. 1990) (nature of conduct involved in pending charges, based on record documentation, supports 4A1.3 departure). But cf. ___ ___ U.S.S.G. 4A1.3, p.s. (prior arrest record alone not to be _____ considered under 4A1.3); Rivera, 994 F.2d at 949 (citing ______ Williams, ___ U.S. at ___, 112 S. Ct. at 1117).4 ________ ____________________ 4Although "mechanistic bean counting" is an inadequate guide to the reasonableness of departure rulings, see United States v. ___ _____________ Emery, 991 F.2d 907, 913-14 (1st Cir. 1993) (where "the sentenc- _____ ing court[] [has] articulated grounds for departing [which] permit us adequately to assess the reasonableness of the depar- ture. . . . [n]o more is exigible."), we note that the reason- ableness of the district court's decision to depart to CHC IV is strongly supported by the unadjudicated state and federal charges pending against Fahm, and by analogous criminal conduct not reflected in the original CHC calculation. There are two felony charges pending against Fahm in Massachusetts, dating from 1988, for larceny of an automobile and obtaining property under false pretenses, see Mass. Gen. L. ch. 266 27A(a), 30, 34. Further, ___ after Fahm defaulted on these two charges, a warrant issued; this default conduct is analogous to a federal charge of flight from prosecution, see 18 U.S.C. 1073(1); see also Aymelek, 926 F.2d ___ ___ ____ _______ at 71 (federal law governs classification of criminal conduct for guideline sentencing purposes). Moreover, there is a felony charge outstanding against Fahm for violating Rhode Island banking laws in 1990, see R.I. Gen. L. 19-19-2 (issuing fraudu- ___ lent check), and another 1990 Rhode Island state charge for obstructing a police officer with the use of an alias, see R.I. ___ Gen. L. 11-32-1 (up to one year in prison), see also Moore, 931 ___ ____ _____ F.2d at 5 n.3 (minor convictions, in aggregate, can show pattern of conduct supporting finding of recidivism). Yet pending as well is a federal felony charge for failure to appear at the sentencing hearing originally scheduled for January, 1991. See 18 U.S.C. 3146(a)(1). Finally, the CHC ___ calculation in the PSR did not reflect that Fahm committed the 9 The grave signs of recidivism relied on by the district court likewise weighed heavily in favor of a substantial upward departure as well.5 The pending Massachusetts false pretenses and larceny charges and the Rhode Island banking law charge involved alleged conduct similar to the instant credit card fraud offense, and Fahm's flight to avoid prosecution in this case is a carbon copy of his uncharged conduct of failing to answer to the Massachusetts charges following release pending prosecution. See ___ U.S.S.G. 4A1.3(e), p.s. The Rhode Island obstruction charge, based on Fahm's alleged use of an alias to mislead a police ____________________ offenses of conviction after having defaulted (i.e., failed to ____ appear) on the Massachusetts charges, which would warrant two additional CH points. See U.S.S.G. 4A1.1(d) (add two points if ___ instant offense committed while on bail). These pending state and federal charges, combined with the two-point 4A1.1(d) increase and the analogous uncharged crimi- nal conduct, would aggregate eight additional criminal points at a minimum. Ascribing even a single criminal history point to each pending state charge, and one to the pending federal charge, would result in five points. See U.S.S.G. 4A1.1(a),(b),(c) ___ (assigning, respectively, three points for sentence above thir- teen months, two points for sentences between three and thirteen months, and one point for under three months). Neither these pending charges, nor the analogous conduct (amounting to an additional one point), nor the two-point 4A1.1(d) increase, were taken into account in the CHC calculation, which totalled three criminal history points. Thus, at its lowest range (8 points), the pending charges, analogous conduct, and the 4A1- .1(d) increase, combined with the three points originally as- signed, would indicate a level V CHC. See U.S.S.G. 5A (sen- ___ tencing table). 5At the first hearing, the district court found: You haven't spent much time in jail in spite of the number of brushes you've had with the law, and maybe that's the problem . . . but at age [21] . . . it's about time . . . for you to accept responsibility for what you did and pay the penalty . . . I'm going to make an upward departure in this case. 10 officer, occurred while he was awaiting sentencing on the instant offense as well, see U.S.S.G. 4A1.3(d) (committing crime while ___ awaiting sentencing is a factor to be weighed under 4A1.3), as did the pending charge for failing to appear for sentencing in Rhode Island federal district court. These charges and the uncharged analogous conduct all involved criminal activity within two years of the offenses of conviction. See U.S.S.G. 4A1.1(e) ___ (two-point criminal history increase to reflect recency of offense); Figaro, 935 F.2d at 7 (treating recency of offense as ______ evidence of recidivism) ( 4A1.3 departure). The district court further found that Fahm had been treated leniently in the past, and had persisted before and since the offenses of conviction in the same pattern of credit fraud. Given Fahm's significantly underrepresented criminal history and his serious recidivism, as evidenced by the recency of his criminal conduct and his commission of criminal offenses while released awaiting prosecution on other charges, the degree of the departure imposed by the district court was reasonable. See generally United States v. Joan, 883 F.2d 491, 496 (6th Cir. ___ _________ _____________ ____ 1989) (adopting Diaz-Villafane three-step analysis and assigning ______________ as factors in determining reasonableness of departure: the seriousness of the past conduct, recidivism risk, conduct not resulting in convictions, previous lenient treatment, and deter- rent effect) (combined 4A1.3 and 5K2.0 departure). B. Reconsideration of Original Sentence. B. Reconsideration of Original Sentence. ____________________________________ At the September 30 sentencing, after overruling Fahm's 11 objection to the 4A1.3 departure ruling and denying his request to stay "imposition" of sentence, the court immediately proceeded to impose the twenty-month prison sentence but nonetheless allowed defense counsel two weeks within which to submit written opposition to the departure ruling. At the second sentencing hearing, on December 22, the district court declined to reconsid- er its 4A1.3 departure ruling, then indicated that it intended to correct an earlier oversight by increasing Fahm's ABOL by two levels for unlawful flight from prosecution. Defense counsel objected that the court lacked jurisdiction to reconsider under Fed. R. Crim. P. 35 but made no explicit reference to the seven- day limitation period in Rule 35(c). See Fed. R. Crim. P. 35(c); ___ infra at p. 15. The court then increased the original prison _____ sentence to twenty-one months, bringing it within the revised 21- to-27 month GSR. On appeal, Fahm claims that the district court lacked jurisdiction to increase the sentence originally imposed on September 30. See Fed. R. Crim. P. 35(c). The government, on ___ the other hand, characterizes the December 22 hearing as a mere continuation of the first hearing, and accordingly contends that the seven-day limitation period in Rule 35(c) was not implicated. Alternatively, the government argues that the district court possessed inherent power to reconsider the original sentence notwithstanding the limitation period in Rule 35(c). We conclude that neither government theory is tenable. 12 1. Fed. R. Crim. P. 35(c)(1991). 1. Fed. R. Crim. P. 35(c)(1991). ___________________________ The district court judgment and docket entry plainly reflect that the twenty-month prison sentence was "imposed" on September 30. See United States v. Morillo, ___ F.3d ___, No. ___ _____________ _______ 93-1388, slip op. at 11 n.8 (1st Cir. Nov. 8, 1993) (noting likelihood that "imposition of sentence," within meaning of Rule 35(c), occurs on date judgment entered) (dictum) (citing United ______ ______ States v. Zuleta-Molina, 840 F.2d 157, 158 n.1 (1st Cir. 1988)); ______ _____________ United States v. Carr, 932 F.2d 67, 69 (1st Cir.), cert. denied, ______________ ____ ____ ______ 112 S. Ct. 112 (1991); see also Fed. R. Crim. P. 32(b)(1) ("The ___ ____ judgment shall be signed by the judge and entered by the clerk."). Moreover, the September 30 hearing transcript reflects that the court pronounced the original sentence after overruling _____ __________ Fahm's objection to the 4A1.3 departure. Later in the hearing, defense counsel sought to stay imposition of sentence pending __________ submission of opposition to the 4A1.3 departure. Although the court categorically denied a stay leaving its twenty-month sentence in place it allowed defense counsel time to submit written opposition. The district court record thus belies any interpretation that sentence was not imposed on September 30. Consequently, we must decide whether the original sentence was subject to reconsideration by the district court on December 22, well beyond the time allowed under Rule 35(c). Rule 35(c) states: (c) Correction of Sentence by Sentencing (c) Correction of Sentence by Sentencing Court. The court, acting within 7 days after Court ______ the imposition of sentence, may correct a __________ sentence that was imposed as a result of 13 arithmetical, technical, or other clear error. (Emphasis added.) The advisory committee note explains that new Rule 35(c) recognizes the power of a sentencing court to correct certain types of sentencing errors "discovered shortly after the sentence is imposed." Fed. R. Crim. P. 35(c) advisory commit- tee's note (1991 amendment). Compare Carr, 932 F.2d at 71 n.5 _______ ____ (pre-Rule 35(c) case). The relevant case law likewise compels the conclusion that the district court lacked jurisdiction to correct its original sentence beyond the limitation period prescribed in Rule 35(c). Morillo, slip op. at 10 ("[Rule _______ 35(c)'s] interval constitutes a limitation . . . and the limita- tion is absolute") (dictum); United States v. Turner, 998 F.2d ______________ ______ 534, 536 (7th Cir.), cert. denied, 62 U.S.L.W. 3409 (1993). ____ ______ 2. Inherent Power. 2. Inherent Power. ______________ The government alternatively contends, Rule 35(c) notwithstanding, that the district court possessed the inherent power to reconsider Fahm's ABOL to correct an obvious oversight. The government relies on United States v. Rico, 902 F.2d 1065 (2d _____________ ____ Cir.), cert. denied, 498 U.S. 943 (1990), and United States v. ____ ______ ______________ Cook, 890 F.2d 672 (4th Cir. 1989).6 Upon careful consideration ____ of the rule, the advisory committee's note, and relevant case law, we conclude that the court had no inherent power to increase its original sentence. ____________________ 6See also Carr, 932 F.2d at 71 (pre-Rule 35(c) case recog- ___ ____ ____ nizing limited "inherent power" to reconsider sentence during appeal period). 14 The 1991 amendment to Rule 35(c) was intended to codify the result reached in Rico and Cook but requires as well that the ____ ____ sentencing court act within the time frame prescribed in the ___ ______ rule, see Morillo, slip op. at 11 n.8, so as to: (i) "reduce the ___ _______ likelihood of jurisdictional questions in the event of an appeal" from the original judgment; (ii) "provide the parties . . . an opportunity to address [on appeal] the court's correction of the sentence, or lack thereof"; and (iii) "reduce the likelihood of abuse of the rule by limiting its application to acknowledged and obvious errors in sentencing," Fed. R. Crim. P. 35(c) advisory committee's note (1991 amendment).7 See United States v. Ross, ___ _____________ ____ ___ F.3d ___, 1993 WL 452716 at *5 (7th Cir. 1993); United States _____________ v. Daddino, 5 F.3d 262, 265 (7th Cir. 1993) (per curiam) (exclu- _______ sive authority for correction of obvious judicial errors and ________ omissions derives from Rule 35(c)).8 Since the narrow window of opportunity allowed under Rule 35(c) closed long before the district court reconsidered its ____________________ 7Therefore, for example, even though Fahm's oral request for reconsideration of the 4A1.3 departure ruling on September 30 was made within the limitation period, the court would have been required to act on the request within the seven-day period ___ (properly calculated) following entry of the judgment of convic- tion on October 2, 1992. See Morillo, slip op. at 10. Accord- ___ _______ ingly, on December 22 the district court was without jurisdiction under Rule 35(c) to "correct," in any way, its original sentence. See also Fed. R. Crim. P. 45(a),(b) (rules governing computation ___ ____ and enlargement of time). 8There is no suggestion, either by the parties or in the appellate record, that the twenty-one month sentence was imposed pursuant to Fed. R. Crim. P. 36. In any event, Rule 36 is considered generally inapplicable to judicial errors and omis- ________ sions. Daddino, 5 F.3d at 264-65. See generally 3 Charles A. _______ ___ _________ Wright, Federal Practice and Procedure 611 (2d ed. Supp. 1993). ______________________________ 15 original sentence, and the court lacked inherent power to do so, the original sentence must be reinstated. See Turner, 998 F.2d ___ ______ at 536 ("The district court's inaction had the same effect as denying the motion, making the judgment final on the date the district judge's power to alter the sentence expired."). The twenty-one month prison sentence imposed on _______________________________________________________ December 22, 1992, is to be vacated; the original twenty-month _________________________________________________________________ prison sentence imposed on September 30, 1992, is to be reinstat- _________________________________________________________________ ed. So ordered. __ __________ 16