**UNITED STATES, Appellee,**

v.

**Bruce W. GUNN, Defendant, Appellant.**

**No. 93–2060.**

United States Court of Appeals,
First Circuit.

Sept. 13, 1994.

---

of a felony, in violation of 18 U.S.C. § 922(g)(1). The sentencing court found that, based upon his prior criminal record, Gunn was subject to an enhanced sentence under the Armed Career Criminal Act [ACCA], 18 U.S.C. § 924(e). He was sentenced to a term of 235 months imprisonment and a 60 month period of supervised release. Gunn appeals only the enhancement of his sentence pursuant to the ACCA.

## I

At appellant's sentencing hearing, the government provided evidence that Gunn had been convicted in Salem District Court of three previous offenses which served as predicates for the application of the ACCA. Gunn did not dispute the existence of these convictions but argued that they were constitutionally invalid because they stemmed from guilty pleas or admissions to sufficient facts which were entered without Gunn's having proper legal representation. He also claimed that his convictions arose from guilty plea procedures in which the judicial colloquies were defective. After a hearing on Gunn's claims, the court found that Gunn had been represented by counsel in regard to all three predicate convictions. The court further found that Gunn had not satisfied his burden of proving that the colloquies were constitutionally defective. Gunn challenges both findings on appeal.

## II

Gunn claims that his prior convictions cannot serve as predicates for an enhancement of his sentence pursuant to the ACCA because they resulted from constitutionally defective colloquies. However, the Supreme Court, in *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), held that federal defendants cannot collaterally challenge the constitutionality of their prior state court convictions used in sentencing under § 924(e) unless that challenge involves a complete deprivation of counsel. *Custis*, therefore, forecloses Gunn's claim that his convictions should not be used for

Stephen Neyman, Boston, MA, on brief for appellant.

Donald K. Stern, U.S. Atty., and Michael J. Pelgro, Asst. U.S. Atty., Boston, MA, on brief for appellee.

Before CYR, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

Appellant Bruce W. Gunn was convicted by a jury in February 1993 of knowingly possessing a firearm after having been convicted

sentencing because they involved constitutionally defective colloquies.[1]

### III

■ Gunn also claims that the record before the sentencing court was inadequate to establish that he had been represented by counsel at all stages of the state proceedings which resulted in his three prior convictions, and, hence, that these convictions could not serve as predicate offenses under the ACCA. However, after receiving both documentary and testimonial evidence, the sentencing court determined that the government had met its burden of showing by a preponderance of the evidence, *United States v. Wright*, 873 F.2d 437, 441 (1st Cir.1989); *United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir.), *cert. denied*, 501 U.S. 1211, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991), that Gunn had been represented by counsel. We review this factual finding of the sentencing court for clear error. *See United States v. Figaro*, 935 F.2d 4, 8 (1st Cir.1991).

■ At the sentencing hearing, the government presented records of the Salem District Court which contained notations that Gunn had been appointed counsel in each of the cases which resulted in ACCA predicate convictions. The records did not indicate that counsel had actually been present during all stages of the proceedings in each case. However, this court has previously indicated that "a sentencing court may permissibly infer from the record of the conviction that the conviction was not obtained unconstitutionally provided the record contains no reason to believe the contrary." *Wilkinson*, 926 F.2d at 28. In the instant case, testimony was provided by the Clerk Magistrate for the Salem District Court that court records ordinarily do not contain a separate notation each time court-appointed counsel appears in court. The Clerk Magistrate, who had been employed as an assistant clerk at the time of the challenged convictions, further testified that, according to court practice, counsel was required to be in attendance at all stages of the proceedings and that state judges would not allow a case to be heard without the presence of counsel. Since Gunn presented no evidence to contradict this testimony, the finding that Gunn was represented by counsel at all stages of the state proceedings in each of his ACCA predicate convictions cannot be characterized as clear error.

*Affirmed.*

---

1. *Custis*, in effect, overrules this court's holding in *United States v. Paleo*, 967 F.2d 7, 11–13 (1st Cir.1992).