**UNITED STATES, Appellee,**

v.

**Ediberto RAMIREZ, Defendant, Appellant.**

**No. 93–1403.**

United States Court of Appeals, First Circuit.

Submitted Nov. 24, 1993.

Decided Dec. 9, 1993.

---

Francis R. Williams, on brief for appellant.

Edwin J. Gale, U.S. Atty., Margaret E. Curran and Lawrence D. Gaynor, Asst. U.S. Attys., on brief for appellee.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

Defendant-appellant Ediberto Ramirez pleaded guilty to a two-count indictment which charged him, after having been convicted of a felony, with possession of a firearm and of ammunition, respectively, in violation of 18 U.S.C. § 922(g). The presentence investigation report (PSI Report) stated that Ramirez was observed firing the weapon in a public place. Imposing sentence

under the federal sentencing guidelines and departing upward from the applicable guideline sentencing range, the district court sentenced appellant to a 37–month prison term and a 3–year supervised release term. The court further ordered that appellant be remanded to the custody of immigration authorities for deportation proceedings upon his release. Ramirez appeals from his sentence. We affirm.

## A.

The PSI Report recommended that Ramirez be assigned eleven criminal history points based on his prior criminal convictions and on the fact that the instant offense occurred while he was under a sentence of probation for a previous offense. It then listed the following prior criminal conduct as an adult: three charges of assault with a dangerous weapon (once a broom handle, once a BB gun, and once a handgun), the last of which is still pending; and one charge of driving to endanger, death resulting (associated with a charge of possessing a stolen motor vehicle), which is still pending. Finally, the PSI Report listed two "factors that may warrant departure": (1) that several of appellant's prior convictions were consolidated for sentencing, and as a result were "undercounted" in the calculation of his criminal history score, and (2) that the offense of conviction was committed while Ramirez was free on bail.

In announcing its decision to depart upward, the district court stated:

I have reviewed the pre-sentence report and considered the objections of the defendant to an upward departure. It seems to me that this is a case in which upward departure is not only justified, it's required. We have a defendant who is 19 years or so old, who has never had a job so far as I can see, whose sole occupation is taking other people's property and who is escalating this conduct from assaulting somebody with a broomstick to firing a firearm in the air, the carrying of a firearm. It seems to me the charge itself that he's here on doesn't really indicate the seriousness of the conduct that's involved here and it seems to me that the computa-

tion significantly under-represents the seriousness of the past criminal conduct and the likelihood of the commission of further crime in the circumstance. Here the record pretty fairly shows that the defendant is content to accomplish nothing but violations of the law. Although he does indicate that he is sorry this happened, takes responsibility for it, it's pretty clear to me that this record doesn't justify, or this record results in under-representation. I'm going to depart—

. . . . .

You're 20 years old and you've never had a job and you tell me that you don't know anything about earning respect because you haven't been respected. Your mother has to work very hard to support you. It's about time you took some of the responsibility for what you do. It's not the alcohol that drives these cars away, get into accidents in which people get killed. Not the alcohol that does that. It's not the alcohol that steals the cars. You're apparently not so drunk that you can't steal a car and drive it. It's you driving the car, not the alcohol. It's you stealing and then escalating the cars one after another. It's you assaulting somebody with a broomstick and then a BB gun and then finally running around with a loaded pistol firing it in the air. It's not the alcohol that's firing that gun. It's not the alcohol that possesses that gun. It's you. How many other people's lives are in jeopardy because you don't take responsibility for what you're doing, until push comes to shove, until you're here and you know you're really facing some time, you know you're really going to jail for the first time. I think you need some time to think about what the future of your life is going to be, really, really think about it.

The district court, by its reference to the PSI Report in the context of elaborating the reasons for an upward departure, appears to have based its decision to depart, at least in part, on the two possible grounds for departure suggested by the probation department. On appeal, Ramirez raises no objection to either of those two grounds. Rather, his sole challenge on appeal is to what he characteriz-

es as the district court's decision to depart upward on the basis of his prior arrest record.

His challenge has two prongs. First, he argues that an upward departure on the basis of a prior arrest record is forbidden by U.S.S.G. § 4A1.3, which states that "a prior arrest record itself shall not be considered under § 4A1.3." Second, he argues that the district court "had not adequately explained the factual basis for its use of those arrests as a ground for departure."

### B.

■ We disagree with Ramirez's characterization of the district court's departure as impermissibly based on his prior arrest record itself. U.S.S.G. § 4A1.3 states: "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning: ... (e) prior similar adult criminal conduct not resulting in a criminal conviction." To be sure, the guideline goes on to state that "a prior arrest record itself shall not be considered" for this purpose. But, so long as that limitation is observed, prior similar adult criminal conduct is a basis on which the Sentencing Commission has "encouraged" upward departures. *United States v. Rivera*, 994 F.2d 942, 948 (1st Cir.1993). We conclude that the district court's upward departure is permissible if it was made on the basis of reliable evidence of prior similar adult criminal conduct, even though the conduct did not result, or had not yet resulted, in convictions.

### C.

■ We turn next to whether the particular circumstances cited by the district court "are of a kind or degree that they may appropriately be relied upon to justify departure." *Id.* at 950. In this instance, that question boils down to whether the prior conduct is "similar" to the offense of conviction, as required by U.S.S.G. § 4A1.3(e).

The offense of conviction, again, is possession of a firearm, under circumstances in which Ramirez, in a public place, discharged the firearm in the air. The similarity between this offense and appellant's prior alleged conduct involving assault with a broom handle, a BB gun, and a handgun,—possession and/or threatened use of a dangerous weapon—is clear. *See United States v. Tabares*, 951 F.2d 405, 411 (1st Cir.1991) (assuming that prior conduct involving possession of a dangerous weapon and assault with a deadly weapon was similar to possession of a firearm); *United States v. Cota–Guerrero*, 907 F.2d 87, 89 (9th Cir.1990) ("Inasmuch as they show a propensity toward violence and a willingness to use force, these crimes [assault with a deadly weapon and assault and battery] may be viewed as similar to possession of a firearm by a felon").

■ The similarity between the instant firearm offense and the prior conduct of driving to endanger, death resulting, is less obvious. Nevertheless, we find—with appropriate respect for the district court's superior "feel" for the particular circumstances of the case, *Rivera*, 994 F.2d at 951–52—that, at least under the circumstances present here, the offenses are sufficiently "similar" to form part of the justification for an upward departure under U.S.S.G. § 4A1.3.

The district court stated clearly that its paramount concern was appellant's record of "escalating" recidivism—a pattern of conduct suggesting to the court that Ramirez did not care "[h]ow many other people's lives are in jeopardy" because Ramirez did not take responsibility for his own acts. Appellant's prior alleged conduct of driving to endanger, death resulting, like the instant firearms offense, displays a reckless indifference toward human life. The two crimes can, therefore, reasonably be viewed, at least under present circumstances, as "similar" offenses. *Cf. United States v. Moore*, 931 F.2d 3, 4 (1st Cir.1991) (treating as "similar" offenses that "reveal ... the same sort of dishonesty and misappropriation of other people's property").

### D.

■ The remaining question—since appellant has not challenged the "degree" of de-

parture, *see Rivera*, 994 F.2d at 950—is whether "the evidence . . . supports the departure-related findings of fact." *Id.* In other words, did the district court base its ruling on "reliable information" of "prior similar adult criminal conduct not resulting in a criminal conviction" that indicates "that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes"? U.S.S.G. § 4A1.3. We think this query merits an affirmative answer.

In *Tabares*, 951 F.2d 405, we upheld a district court's upward departure on the basis of three prior criminal charges (possession of a dangerous weapon and two assaults with a deadly weapon) that had not resulted in convictions. All three prior charges had been dismissed for reasons unrelated to the merits. We determined that the PSI Report's account of these prior instances constituted "reliable information" to support an upward departure. *Id.* at 411. In the process, we noted specifically defendant's "failure to contest the facts and the absence of any acquittal," circumstances that left little "doubt that these acts occurred." *Id.; see also United States v. Torres*, 977 F.2d 321, 330 (7th Cir.1992) (observing that, "[w]hen a defendant has an opportunity to and fails to object to the facts, information, and records used to support a departure [on the basis of prior similar adult criminal conduct], there is little reason to question a district court's decision"); *United States v. Gaddy*, 909 F.2d 196, 201 (7th Cir.1990) (similar).

These authorities get the grease from the goose. In this case, the PSI Report contains descriptions, taken from the original case files, of the conduct that led to each of the prior charges. In this case, as in *Tabares*, appellant received a full opportunity to object to these descriptions, and he raised no objections. The district court plainly relied on these descriptive accounts of appellant's pri-

or conduct, not on the mere fact of prior arrests. And, there can be no question of the seriousness of the conduct alleged in these charges. Under the same reasoning we applied in *Tabares*, therefore, we find that the evidence of record adequately supports an upward departure on the basis of prior similar adult criminal conduct.

### E.

 Turning to appellant's final argument—that the district court did not adequately explain the factual basis for its use of the prior charges as a ground for departure—we acknowledge that the court's discussion of its reasons for departure might, in one respect, fall slightly short of the requirements set forth in *Rivera*, 994 F.2d 942. The district court's remarks leave some ambiguity about whether the court relied, at least in part, on the two grounds for upward departure recited in the PSI Report. In other words, the district court did not expressly explain its reasoning with regard to those two grounds. Appellant, however, has not challenged the district court's use of these grounds, so any error is necessarily harmless.

As to the remaining ground for departure, based on appellant's prior alleged criminal conduct, the district court did set forth its reasoning in adequate detail. The court explained its concern that the guideline sentence understated the potential for "escalating" recidivism suggested by appellant's prior conduct. No more was exigible.[1]

### F.

We need go no further. On this record, appellant's sentence was lawfully constructed and imposed.

*Affirmed.*

---

1. Even if we assume, *arguendo*, that the district court did not adequately explain its analysis under the *Rivera* standard, we are mindful that appellant was sentenced before this court decided *Rivera*. We have recognized that *Rivera* looked to the future: "In future cases we would expect, in line with our general discussion in

*Rivera*, a very deliberate discussion of the factors making the case unusual. But we see no purpose served in this case, decided below without the benefit of our recent guidance, in remanding to make explicit what was implicit." *United States v. Sclamo*, 997 F.2d 970, 974 (1st Cir. 1993). So it is here.