**UNITED STATES of America,**

v.

**Ramin MOJABI, Defendant.**

**No. CR. A. 94–10061–NMG.**

United States District Court,
D. Massachusetts.

Sept. 12, 2001.

Albert F. Cullen, Jr., Cullen & Cullen, North Andover, MA, for Plaintiff.

Michael J. Pelgro, U.S. Attys. Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the motion of defendant, Ramin Mojabi ("Mojabi"), pursuant to Fed.R.Crim.P. 36 for correction of an alleged clerical error in this Court's judgment and commitment order sentencing him to 70 months imprisonment (Docket No. 236).

### I. *Background*

In March 1994, Mojabi and five co-defendants were named in an indictment charging them with conspiracy to distribute cocaine. Mojabi was arrested and released on various conditions. In June 1994, a three-count superseding indictment was returned charging him with 1) conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846, and 2) distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. For reasons unrelated to this motion, the trial of the defendant and his co-conspirators was postponed for an extended period.

On December 14, 1996, Mojabi was involved in a fatal motor vehicle accident. Four days later, he was taken into federal custody, based on that offense, for violating the conditions of his pretrial release. On December 23, 1996, he was transferred to state custody to allow the Commonwealth of Massachusetts to prosecute him for vehicular homicide and a federal detainer was entered against him.

On December 24, 1996, Mojabi was arraigned in state court on the charge of vehicular homicide and operating under the influence of alcohol. He was held in state custody in lieu of bail. On February 25, 1998, he pled guilty to the state charge and was sentenced to 7 to 10 years imprisonment and lesser concurrent sentences. He received credit on the state sentence for time served in state custody from December 23, 1996.

Mojabi then agreed to plead guilty to the pending federal charges and, on March 16, 1998, this Court conducted a sentencing hearing. In its determination of the defendant's Criminal History Category ("CHC"), this Court included the state offenses as part of the "offense conduct" rather than as part of Mojabi's criminal history. That ruling placed Mojabi in CHC I (rather than CHC II) thus rendering him eligible for the "safety value" provisions of the Sentencing Guidelines and a two-level reduction in his offense level. *See* U.S.S.G. §§ 5G1.3 and 2D1.1(b)(6).

The parties both recommended a sentence of 70 months, at the low end of the applicable guideline range, to account for the fact that Mojabi had cooperated with

the government in the investigation and prosecution of several other cases. This Court accepted the joint recommendation and imposed a sentence of 70 months, to be served concurrently with the state sentence then being served by Mojabi, pursuant to U.S.S.G. § 5G1.3(b), plus three years of supervised release.

The Court then addressed Mojabi's pending motion in which he sought credit, pursuant to 18 U.S.C. § 3585(b), for the 15 months served on his state sentence prior to the federal sentencing hearing, i.e. from December 23, 1996 through March 16, 1998. The government opposed that motion, arguing that, although courts may make credit recommendations, only the Bureau of Prisons ("BOP") can award credit under 18 U.S.C. § 3585(b). After conferring with the attending Probation Officer, however, this Court concluded that, because Mojabi's state conviction was included in his total offense level thus causing his federal sentence to be concurrent with his state sentence pursuant to U.S.S.G. § 5G1.3(b), credit should be awarded under the Sentencing Guidelines. Specifically, the judicial officer stated:

> Well, it has been pointed out to me by Probation that, in fact, I have just imposed a sentence on Mr. Mojabi which includes the charge of vehicular homicide because, under the guidelines section that we've referred to at some length, Section 5G1.3, I included in the offense the vehicular homicide. So, in fact, I have just sentenced Mr. Mojabi to 70 months on the vehicular homicide and 70 months on the drug count.

> He has already served 15 months of the vehicular homicide, therefore, it is certainly within the power of this Court to give him credit for that sentence, and I hereby do that and, therefore, allow defendant's motion for credit for time

spent in prior custody. There is no need to file any motions.

> Mr. Mojabi, you've been sentenced to 70 months. You will get credit for time served thus far.

Sentencing Transcript, at p. 24–25.

Mojabi claims that he should therefore have received a sentence of 55 months (70 minus 15) notwithstanding the fact that the judgment and commitment order, entered on April 7, 1998, does not mention any such credit but simply lists the term of imprisonment as 70 months. The BOP has refused to give credit to Mojabi for the 15 months and has informed his attorney that it can only do so if this Court amends the written judgment accordingly. The government opposes the granting of any such credit.

## II. *Analysis*

■ U.S.S.G. § 5G1.3(b) provides:

If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Application Note 2 to § 5G1.3 states:

When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that the period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.....For clarity, the court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guideline range because the defendant

has been credited for guideline purposes under § 5G1.3(b) with [time] served in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).

At the sentencing hearing, this Court determined that § 5G1.3(b) applied because Mojabi's state offense, for which he was then serving a sentence, was included in his total offense level. Accordingly, this judicial officer stated that his federal sentence would run concurrently with his state sentence. Under Application Note 2, this Court had authority to credit any time served on the state sentence to Mojabi's federal sentence by virtue of the inclusion of the state offense in his total offense level if it determined that the BOP would not award such credit pursuant to 18 U.S.C. § 3585(b).

That section provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

■ As the government correctly points out, the Attorney General, through the BOP, computes the amount of § 3585(b) credit after a defendant has begun to serve his sentence and district courts have no authority to award such credit, although they may make recommendations to the BOP at sentencing. *United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

Section 3585(b) prohibits "double-credit", i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence. *Id.* at 337, 112 S.Ct. 1351. Because the 15 months during which Mojabi was in state custody prior to his federal sentence had already been credited to his state sentence, the BOP properly denied him credit under § 3585(b).

However, as clearly stated in Application Note 2 to U.S.S.G. § 5G1.3(b), the BOP's plenary control over § 3585(b) credit does not preclude, or even conflict with, a district court's authority to award credit under § 5G1.3(b). *See, e.g., United States v. Ross,* 219 F.3d 592, 594 (7th Cir.2000); *United States v. Genao,* 2000 WL 530368, at *1, 213 F.3d 633 (4th Cir. 2000); *United States v. Dorsey,* 166 F.3d 558, 561–62 (3d Cir.1999). In fact, the two provisions deal with different kinds of credit. Section 3585(b) awards credit simply for presentence custody. Application Note 2 deals with the specific situation in which a federal sentence is imposed concurrently with an undischarged term of imprisonment under § 5G1.3(b) because the conviction underlying the undischarged sentence has been included in the total offense level. To make the federal and state sentences truly concurrent, the sentencing court must be able to credit time served on the undischarged sentence to the newly imposed sentence. *Dorsey,* 166 F.3d at 562–63.

While this judicial officer perhaps should have been more precise at the sentencing hearing, he specifically referred to § 5G1.3, imposed a sentence of 70 months and granted Mojabi 15 months of credit. The reference to § 5G1.3 in the oral sentence, when considered in the context of the entire sentencing proceeding, demonstrates a clear intention to award credit under Application Note 2 (not 18 U.S.C.

§ 3585(b)), even without express reference thereto. In fact, the Third Circuit Court of Appeals has interpreted less precise language as awarding credit under U.S.S.G. § 5G1.3(c) and Application Note 3 (which are analogous to § 5G1.3(b) and Application Note 2). *See Rios v. Wiley,* 201 F.3d 257, 267–71 (3d Cir.2000).

In *Rios,* the district court sentenced defendant to a term of 90 months on two federal counts to be served concurrently with each other and the undischarged portion of a state sentence and granted credit for time served in presentence federal custody simply by stating that he would receive "credit for time served". *Id.* at 261. Prior to the sentencing hearing, the government sent a letter to the court discussing the application of § 5G1.3(c) and, at the sentencing hearing, defendant's attorney raised the issue of concurrent sentences. *Id.* at 260–61. The Third Circuit held that, in light of the context of the sentencing proceeding, the phrase "credit for time served" was intended to "fashion an appropriate sentence under § 5G1.3(c) and Application Note 3" and not to direct the BOP to award credit under 18 U.S.C. § 3585(b). *Id.* at 269–70. The court stated:

the [district] court's reference to "credit for time served," while ambiguous, was not, as the government suggests, merely a non-binding direction or recommendation to the BOP to award credit under section 3585(b) that the BOP deemed appropriate. We recognize that the term "credit" is used in [that section] as a "term of art" to describe a potential benefit allowed a defendant by the BOP.... In this case, however, it appears that the sentencing court simply used the term of art slightly imprecisely....

*Id.* at 269.

■ Mojabi next argues that the failure of the judgment and commitment order to reflect this Court's oral sentence granting credit qualifies as a clerical error and should therefore be corrected under Fed. R.Crim.P. 36.

Rule 36 provides:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

■ Rule 36 is limited to correction of clerical errors and does not authorize district courts to make substantive changes to judgments. *United States v. Kaye,* 739 F.2d 488, 490 (9th Cir.1984). The Second Circuit Court of Appeals has held that:

Rule 36 authorizes a district judge, at any time, to amend the written judgement so that it conforms with the oral sentence pronounced by the court. What Rule 36 does not permit, however, is amendment of the oral sentence itself....Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of "errors made by the court itself."

*United States v. Werber,* 51 F.3d 342, 347 (2d Cir.1995); *see also United States v. Fahm,* 13 F.3d 447, 454 n. 8 (1st Cir.1994) ("Rule 36 is considered generally inapplicable to *judicial* errors and omissions").

■ However, "[w]here an unambiguous oral sentence pronounced by the court conflicts with the written judgment, the former controls." *United States v. Natanel,* 1993 WL 372862, at *3, 7 F.3d 219 (1st Cir. 1993); *United States v. A–Abras Inc.,* 185 F.3d 26, 29 (2d Cir.1999). In the *Natanel* case, the district judge imposed a sentence including supervised release at the sentencing hearing but the written judgment failed to mention supervised release.

Four years later, another district judge granted the government's motion to correct the judgment under Rule 36. *Natanel*, 1993 WL 372862, at \*1, 7 F.3d 219. Considering the omission to be a mere clerical error, the First Circuit Court of Appeals affirmed. *Id.* at \*2–\*3, 7 F.3d 219.

The government contends that the written judgment and commitment order accurately reflects this Court's statements at the sentencing hearing and that Mojabi is thus improperly seeking to use Rule 36 to make substantive changes to his sentence. This Court disagrees. The written judgment does not accurately reflect the oral sentence in which Mojabi was expressly granted 15 months credit. The failure to record that grant of credit ought to be attributed to clerical error which may properly be corrected via Fed.R.Crim.P. 36. This Court, as did the district court in *Natanel*, simply failed to memorialize its oral sentence in the judgment and commitment order. It did not merely imply, suggest or hope that Mojabi would receive credit, nor did it make an error of law in granting credit to him. Accordingly, defendant's motion will be allowed.

## ORDER

For the reasons set forth in the Memorandum above, defendant's motion for correction of a clerical error in this Court's judgment and commitment order (Docket No. 236) is ALLOWED. The judgment and commitment order is corrected to read:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to the imprisoned for a total term of *fifty-five (55) months*, said sentence imposed concurrently on counts 1, 2 and 3 and with the state sentence now being served. The sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under U.S.S.G. § 5G1.3(b) with fifteen (15) months served in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).

So ordered.