**UNITED STATES of America**

**v.**

**Jason BURNHAM**

**No. CR–03–29–B–W.**

United States District Court,
D. Maine.

Oct. 7, 2004.

Donald F. Brown, Law Office of Donald F. Brown, Bangor, ME, for Jason W Burnham (1), Defendants.

Nancy Torresen, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## ORDER

WOODCOCK, District Judge.

On August 9, 2004, Jason Burnham filed two pro se motions: 1) a Motion to Reduce Sentence; and, 2) a Motion for Psychiatric

Examination. In both motions, Mr. Burnham seeks to challenge the Court's sentence. First, he contends the Court's forty-one-month sentence was illegal, because it exceeded the applicable period of incarceration under the United States Sentencing Guidelines. Second, he requests a psychiatric examination "in hopes of ... supporting his motion for a downward departure due to mental health" pursuant to U.S.S.G. § 5K2.13. Because Mr. Burnham's motions are time-barred, he is incorrect in the applicable guideline range, and he is currently receiving mental health treatment within the prison system, this Court denies Mr. Burnham's motions.

## I. STATEMENT OF FACTS

On April 8, 2003, Jason Burnham was indicted for a variety of firearms offenses in a six-count indictment. On July 22, 2003, Mr. Burnham pleaded guilty to two counts: 1) a March 29, 2002 possession of a firearm (a Bryco Model J–22, .22 caliber pistol) by a person who has been convicted of a misdemeanor crime of domestic violence [1]; and, 2) a May 11, 2002 possession of a firearm (a Remington Model 870, 12 ga. shotgun) by a person who is under a Protection from Abuse Order.[2] The initial Presentence Investigation Report concluded Mr. Burnham was subject to an adjusted base offense level of 12 (a base offense level of 14 minus 2 for acceptance of responsibility), with a criminal history category of VI, resulting in a guideline range of 30 to 37 months.

A Presentence Conference was held on October 23, 2003. At that time, Mr. Burnham indicated his intention to request the sporting purpose exception under U.S.S.G. § 2K2.1(b)(2). The Government responded he was not entitled to the sporting exception and, moreover, he was subject to additional points, because he had possessed a stolen Marlin Slugmaster on July 6, 2002. Although Mr. Burnham was indicted for possession of the Marlin Slugmaster under Counts Three and Six, the Government agreed to dismiss these counts under its plea agreement with Mr. Burnham. However, the Government contended Mr. Burnham's possession of the Marlin Slugmaster was relevant conduct within the meaning of U.S.S.G. § 1B1.3, since it took place within two months of his May 11, 2002 possession of the Remington shotgun. Under this argument, the Government calculated Mr. Burnham was responsible for two additional two-level increases: 1) a two-level increase under U.S.S.G. § 2K2.1(b)(1) for possession of three firearms; and, 2) a two-level increase under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm. Mr. Burnham's level would then increase to an adjusted base offense level of 15 (14 plus 4 = 18 minus 3 for acceptance of responsibility = 15) and the guideline range would then become 41 to 51 months. The Court ordered memoranda filed on both issues: the sporting use exception and the relevant conduct enhancements.

A sentencing hearing took place on December 10, 2003. Mr. Burnham presented evidence on both his claim and the Government's assertion. After reviewing the evidence and applicable law, this Court concluded the sporting use exception did not apply, and his July 6, 2002 possession of the Marlin Slugmaster did constitute relevant conduct. The Court, therefore, increased Mr. Burnham's sentencing calculations to a net adjusted base offense level 15 and sentenced Mr. Burnham to the bottom of the new guideline range. Mr. Burnham did not appeal the sentence.

---

**1.** A violation of 18 U.S.C. § 922(g)(9).

**2.** A violation of 18 U.S.C. § 922(g)(8).

## II. DISCUSSION

### A. Time Barred: Rule 35(a).

Mr. Burnham does not specify the rule under which he is proceeding. This Court's ability to correct clear error is constrained by the seven-day time limit of Rule 35. F.R.Crim. P. 35(a)("Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). The Advisory Committee Notes (1991 amendment) to this rule, in a discussion of the rule's "stringent time requirement," emphasizes that the rule is:

> ... not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing though the exercise of the court's discretion with regard to the application of the sentencing guidelines.

■ The First Circuit has concluded the district court lacks jurisdiction to correct its original sentence beyond the limitation period prescribed in Rule 35. *United States v. Fahm*, 13 F.3d 447, 453–54 (1st Cir.1994)(addressing Rule 35(c), the antecedent to current Rule 35(a)); *United States v. Peters*, 324 F.Supp.2d 136, 140 n. 10 (D.Me.2004). Mr. Burnham was sentenced on December 10, 2003; his current motions were filed on August 9, 2004. The time for a Rule 35 motion has long since passed in this case, and Mr. Burnham's motions are, therefore, time-barred. For sake of completeness, however, this Court will address the merits of each motion.

### B. Merits of the Motion to Reduce Sentence.

■ The erroneous premise underlying Mr. Burnham's Motion to Reduce Sentence is that this Court is restricted in its determination of the appropriate sentence by the calculations in the Presentence Investigation Report. U.S.S.G. § 6A1.3(b) makes it clear the Court is required to resolve any sentencing factor disputes under F.R.Crim. P. 32(c)(1). As contemplated by § 6A1.3(a), the parties had ample prior notice of the sentencing issues. In fact, prior to the hearing, the parties submitted legal memoranda and at the hearing, the parties presented testimonial evidence. After the hearing on these issues under Rule 32(i)(3), the Court made determinations on the record. Mr. Burnham has presented no basis for this Court to revisit its December 10, 2003 rulings, even if it could do so.[3]

### C. Merits of the Motion for Psychiatric Examination.

■ In his motion, Mr. Burnham recites his history of mental health issues and requests this Court to order a psychiatric evaluation in order to support a motion for downward departure for diminished capacity under U.S.S.G. § 5K2.13. This Court has the authority under 18 U.S.C. § 3552(c) to order a defendant to undergo a presentence psychiatric examination. Mr. Burnham made no request for such an examination before sentencing and none was otherwise conducted. Even if the Court were to order a psychiatric examination, Mr. Burnham could not use the results to support a belated motion for downward departure on the basis of diminished capacity under § 5K2.13. The time for

---

**3.** Since this sentence was imposed before the U.S. Supreme Court issued its ruling in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the impact of that case upon Mr. Burnham's sentence is not discussed in this Order.

such an argument was before Mr. Burnham was sentenced, not months afterward. Finally, Mr. Burnham's motion states he is currently receiving treatment for his mental health condition at the Otisville Federal Correctional Institution, and therefore there is no alternative basis for ordering an examination.

### III. CONCLUSION

Jason Burnham's Motions to Reduce Sentence and for Psychiatric Examination are DENIED.

**SO ORDERED.**