Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 11-2478

UNITED STATES,

Appellee,

v.

JAMES RAYMOND WALKER, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Boudin and Thompson,
Circuit Judges.

James Raymond Walker, Jr., on brief pro se.
Margaret D. McGaughey, Assistant U.S. Attorney, and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

November 5, 2012

**Per Curiam**.  We have reviewed the record and the parties' submissions, and we affirm.  The appellant, James Raymond Walker ("Walker"), challenges the district court's denial of his motion under Fed. R. Crim. P. 36.  Rule 36 "applies to straightforward clerical and technical errors; it is not meant to provide an opening for litigation over the merits and is therefore 'generally inapplicable to *judicial* errors and omissions.'"  United States v. Ranney, 298 F.3d 74, 81 (1st Cir. 2002) (quoting United States v. Fahm, 13 F.3d 447, 454 n. 8 (1st Cir. 1994) (emphasis in original)).  Walker clearly is alleging a judicial error.  In his brief, he challenges the sentencing court's refusal to direct the Bureau of Prisons to award him credit for time he spent serving a state sentence for a probation violation.  He contends that after this court vacated his original sentence (which did include such a directive to the Bureau of Prisons) and remanded the matter for a re-calculation of the guideline sentence range, the district court did not have the authority to alter its original sentence in any way other.  But this argument should have been made in a direct appeal to this court following issuance of the amended Judgment in 2001.  Having failed to follow that procedural route, Walker cannot invoke Fed. R. Crim. P. 36 a full decade later to correct any alleged error in the district court's amended Judgment.

Affirmed.  See 1st Cir. R. 27.0(c).