USCA1 Opinion

 

 [FOR APPENDIX, CONTACT CLERK'S OFFICE] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1346 UNITED STATES, Appellee, v. JUNIOR MENDEZ-COLON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Torruella, Circuit Judge. _____________ ____________________ Laura Maldonado Rodriguez, Assistant Federal Public Defender, ___________________________ with whom Benicio Sanchez Rivera, Federal Public Defender, was on _______________________ brief for appellant. Ernesto Hernandez-Milan, Assistant United States Attorney, with ________________________ whom Charles E. Fitzwilliam, United States Attorney, and Joseph A. _______________________ _________ Quiles-Espinosa, Senior Litigation Counsel, were on brief for _______________ appellee. ____________________ January 19, 1994 ____________________ BREYER, Chief Judge. On October 30, 1992, the ____________ Coast Guard intercepted a wooden yawl taking 110 illegal aliens to Puerto Rico. A Border Patrol officer later recognized one of those aliens, defendant Junior Mendez Colon, as a convicted alien smuggler whom the United States had previously deported. Mendez subsequently pled guilty to the crime of unlawfully re-entering the United States after being deported for conviction of a felony. 8 U.S.C. 1326(b)(1). When sentencing Mendez, the district court calculated a Sentencing Guidelines offense level of 6 (the "unlawful entry" base offense level of 8, U.S.S.G. 2L1.2(a), minus two levels for "acceptance of responsibility," id. 3E1.1(a)). It calculated a Criminal ___ History Category of III, reflecting six criminal history points: three points for the prior felony conviction, id. ___ 4A1.1(a), plus three points for committing the present crime while on supervised release and within two years of release from an earlier prison term, id. 4A1.1(d), (e). These ___ calculations produced a Guideline Sentence range of two to eight months imprisonment. Id. ch. 5, part A (Sentencing ___ Table). The court then departed from that range, and imposed a prison term of 24 months. Mendez appeals the 24- month sentence on the ground that the court's upward departure was "unreasonable." 18 U.S.C. 3742(e)(3). W e agree with Mendez that, at least, the law requires greater explanation for this departure than the sentencing court provided. We vacate Mendez' sentence and remand the case for resentencing. We have said that we normally review departures by examining (1) whether the reasons the court gave for departing are of the sort that might permit a departure in an appropriate case; (2) whether the record supports a finding of facts demonstrating the existence of such reasons; and (3) whether, given the reasons, the degree of departure is reasonable. United States v. Diaz-Villafane, _____________ ______________ 874 F.2d 43, 49 (1st Cir.), cert. denied, 493 U.S. 862 ____________ (1989); United States v. Rivera, 994 F.2d 942, 950-52 (1st _____________ ______ Cir. 1993). In this case, the district court departed from the Guideline sentence for a proper reason. At the sentencing hearing, the court stated that pursuant to information obtained from the U.S. Immigration and Naturalization Service . . . , the defendant is a well- known alien smuggler who had been arrested on previous occasions, although not convicted, and these circumstances -3- 3 leads [sic] me to the conclusion that the defendant's criminal history score is under-represented, and therefore an upward adjustment or departure is warranted pursuant to Guidelines 5K2.0 and 4A1.3, and I say specifically the reason for the upward departure is because his criminal history score is under-represented. We have observed that the Guidelines classify some reasons for departure as "encouraged," "discouraged," or "forbidden" reasons, Rivera, 994 F.2d at 948-49, and they "encourage" ______ departure when a defendant's Criminal History Category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. U.S.S.G. 4A1.3 (p.s.). "Reliable information" concerning "prior similar adult conduct not resulting in a criminal conviction" may justify such a departure. Id. 4A1.3(e). ___ Therefore, the first part of Diaz-Villafane's test is ______________ satisfied. As to the second part, the record provides a sufficient basis for the district court's conclusion that Criminal History Category III was inadequate in light of defendant's actual criminal history. The Pre-Sentence Report said, According to information provided by USINS Anti-Smuggling, S/A Joe Rivera, defendant is a well known alien smuggler -4- 4 and is associated with one of the most powerful alien smuggling organizations in the Dominican Republic. The United States Attorney recommended an upward departure because, in her view, the defendant's criminal history score took account of only one of several earlier, illegal actions. She told the court that his score did not take[] into consideration . . . all those other occasions when he has . . . been known to bring in aliens and the other occasions . . . for which he has been deported. The defendant did not controvert these statements, nor did he deny the existence of "other occasions" of alien smuggling. Consequently, the district court's finding of circumstances warranting departure was not clearly erroneous. See 18 U.S.C. 3742(e); Diaz-Villafane, 874 ___ ______________ F.2d at 49. Nonetheless, the extent of the departure creates a problem. Normally, where an offense level is 6, even offenders with the highest criminal history scores (those in Criminal History Category VI) cannot be sentenced to more than 18 months in prison. See U.S.S.G. ch. 5, part A ___ (Sentencing Table) (attached here as an Appendix). Mendez, however, received a 24-month sentence. The problem arises because the same Guideline policy statement that describes -5- 5 when the court should depart because of a Criminal History ____ Category's inadequacy, also describes how the court should ___ depart. The Guideline's policy statement puts this direction in the following language: In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with Criminal History Category IV, the court should look to the guideline range specified for a defendant with Criminal History Category IV to guide its departure. The ___ Commission contemplates that there may, ________________________________________ on occasion, be a case of an egregious, ________________________________________ serious criminal record in which even ________________________________________ the guideline range for Criminal History ________________________________________ Category VI is not adequate to reflect ________________________________________ the seriousness of the defendant's ________________________________________ criminal history. In such a case, a _________________ departure above the guideline range for a defendant with Criminal History Category VI may be warranted. . . . [Where that is so,] the court should structure departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case. -6- 6 Id. 4A1.3 (p.s.) (emphasis added). In essence, this ___ statement says that the court should move horizontally across the Sentencing Table, looking from one Criminal History Category to the next, until it finds the Category that best suits the circumstances. See, e.g., United States ___ ____ _____________ v. Aymelek, 926 F.2d 64, 70 (1st Cir. 1991). If even the _______ highest category, Category VI, is not sufficiently severe, then the court should move vertically from one offense level to another, until it finds the appropriate punishment. However, the court should depart beyond Category VI only "on __ occasion," in the case of an "egregious, serious criminal ________ ____________________________ record." U.S.S.G. 4A1.3 (p.s.) (emphasis added). ______ The upshot is that insofar as a district court follows the policy statement's methodology by moving horizontally across the Sentencing Table, the statement provides an "encouraged" departure, which an appellate court will rarely set aside. Rivera, 994 F.2d at 948 (sentencing ______ court "can feel confident, because of this encouragement, that a departure would not be 'unreasonable'"). However, the same policy statement "discourage[s]" departures based ___ solely on criminal history that exceed the Category VI sentence, unless the defendant's record (beyond what his criminal history points already show) is "egregious." We -7- 7 have held that a court may sometimes depart despite a Guideline "discouragement." Id. (where Guidelines provide ___ that family circumstances "ordinarily" do not warrant departure, court may depart if unusual circumstances make the case "not at all 'ordinary'"); see, e.g., United States ___ ____ _____________ v. Emery, 991 F.2d 907, 913 (1st Cir. 1993) (upholding _____ departure above Category VI for unusually egregious criminal record). However, when undertaking a discouraged departure, the sentencing court must focus upon the issue and explain carefully why the circumstances, which ordinarily would not support the departure, are special enough to warrant the departure in the case before it. See Rivera, 994 F.2d at ___ ______ 951 ("Were a district court . . . to try to depart for a 'discouraged' reason without recognizing that it must _____________________________________ explain how the case (compared to other cases where the ____________________________________________________________ reason is present) is special, its departure would not be _______________________________ lawful."); Emery, 991 F.2d at 913 (noting that court gave _____ "specific reasons" why defendant's record was worse than that of most Category VI offenders). In this case, although the sentencing court properly explained why it was departing, it did not explain why a departure created by moving horizontally to Criminal History Category IV, V, or VI (with an 18-month maximum) was -8- 8 not enough to remedy the Guideline Criminal History Category's inadequacy. It did not explain why, in that respect, the case is special or "egregious." In the absence of any such explanation, and in the face of a record that is silent as to the specifics of past bad behavior, Mendez's past would seem to justify only the horizontal sort of departure "encouraged" by 4A1.3. The court has not provided any other basis for departure. Cf. ___ United States v. Figaro, 935 F.2d 4 (1st Cir. 1991) ______________ ______ (departure beyond Category VI sentence justified because defendant's present offense involved risk to life on ship of _______________ which he was captain, allowing a 5K2.0 departure in addition to the 4A1.3 departure). Consequently, we remand the case for further consideration of defendant's sentence. The parties remain free to supplement the record at a new sentencing hearing. The defendant's sentence is vacated, and the case __________________________________________________ is remanded for resentencing in accordance with this ____________________________________________________________ opinion. ________ Note: See Slip Opinion for copy of Appendix. -9- 9